SAM. J. WINN, for plaintiffs.
T. M. PEEPLES, for defendant.

---

MEDLOCK *v.* MILLER, executor.

1. Where a witness in testifying actually used the word " advancement," there was no error in instructing the jury to inquire in what sense, taking into consideration all the testimony of the witness, he used this word, that is, as to whether he meant to testify that a payment referred to was an advancement by a deceased person in its technical sense, or simply a payment upon a debt due by that person or by her deceased husband.
2. The action being against an executor, the plaintiff was not a competent witness to testify as to transactions between himself and the testatrix in her lifetime, involved in the present action.
3. Other questions attempted to be made in the motion for a new trial are not presented in such manner that they can be considered by this court.
4. The verdict was fully warranted by the evidence, and there was no error in refusing to grant a new trial.        *Judgment affirmed.*
July 30, 1894.

Appeal. Before Judge HUTCHINS. Gwinnett superior court. September term, 1893.

Medlock cited Miller, executor of Sarah Bagwell, to show cause why he did not pay plaintiff a legacy of $200 bequeathed to him in her will. Defendant pleaded that the legacy had been adeemed by payment to plaintiff before the death of testatrix. The verdict was for the defendant, and plaintiff's motion for a new trial was overruled. The will was dated March 11, 1886. Testatrix died in February, 1888, and the will was probated in that month. Defendant introduced two receipts from plaintiff to Holt, the general agent of testatrix, one dated December 3, 1886, for $55 "on the amount of money due me from Sarah Bagwell"; the other dated November 2, 1887, for $145 "due me from Sarah Bagwell." Plaintiff was Mrs. Bagwell's nephew, lived in Carroll county, and was at her house in Gwinnett county when these payments were made. He contended that they were received by him in settlement of indebtedness by open account due him by Mrs. Bagwell or her deceased husband, and not in payment of what she gave him in her will; and there was testimony by plaintiff and his wife in support of this contention, she testifying that nothing was said at the time the money was paid. It appeared that Mrs. Bagwell's husband died in 1881. He owned a large estate and was not insolvent. She also was perfectly solvent, held a large estate, and usually paid debts before they were due; and a debt against either one of them could have been collected at any time. After his death, her agent for four or five years never heard of any claim or debt due plaintiff. She told Holt to pay plaintiff the money represented by the receipts. Holt testified that on paying it, he told plaintiff that she had told him (Holt) to turn it over to plaintiff as an advancement. Nothing was said about it being in lieu of a legacy, and Holt did not then know that her will contained a bequest to plaintiff.

The substantial grounds for a new trial are sufficiently indicated by the head-notes.

C. H. BRAND, for plaintiff.

T. M. PEEPLES, for defendant.